UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 1:22-CR-00303-ABJ |
| | : | |
| ANDRE WILLIS | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION FOR MISTRIAL

COMES NOW Defendant, ANDRE WILLIS ("Mr. Willis") by and through undersigned counsel, respectfully submits its Memorandum of Points and Authority on its Motion for a mistrial and set a briefing schedule and hearing to determine whether the Government should be barred from retrying this matter. In support of this request the defense states the following:

On September 4, 2024, Court reporter Janice Dickman sent the following informal transcript of the portion of the trial at issue in this motion:

> Q. Now, I want to go back. You said you were arrested February 13th of this year, is that right?
> A. Yeah.
> Q. Have you been in custody that whole time?
> A. Yes.
> Q. Have you ever been housed on the same unit as Diante Wiley?
> A. No.
> Q. Have you ever been housed on the same unit as either of the defendants?
> A. No.
> Q. At any time since you've been locked up, were you in the cellblock of this building with both Diante Wiley and the two defendants in this case?
> A. Yes.
> Q. On that occasion, did the four of you discuss that Wiley, or Taybino, might be cooperating?
> A. Yes.
> Q. Do you remember what was said?
> MR. CLARKE: Your Honor, can we approach.

Page 1

I. **MANIFEST NECESSITY EXISTS FOR THE COURT TO DECLARE A MISTRIAL**

A mistrial is a severe remedy -- a step to be avoided whenever possible, and one to be taken only in circumstances manifesting a necessity therefor." *United States v. Clarke*, 306 U.S. App. D.C. 251, 24 F.3d 257, 270 (D.C. Cir. 1994) (internal quotation marks omitted). The single most important consideration in ruling on a motion for a mistrial is the extent to which the defendant was unfairly prejudiced. *Id.*; *United States v. Tarantino*, 269 U.S. App. D.C. 398, 846 F.2d 1384, 1413 (D.C. Cir. 1988). In making that determination, we consider a number of factors, including the force of the unfairly prejudicial evidence, whether that force was mitigated by curative instructions, and the weight of the admissible evidence that supports the verdict. *United States v. McLendon*, 363 U.S. App. D.C. 152, 155, 378 F.3d 1109, 1112 (2004).

a. **The Force of the Unfairly Prejudicial Evidence**

The Court and the parties have taken care to ensure the jury does not know Mr. Willis is incarcerated. Mr. Willis is dressed in plain clothing. Any and all restraints are removed. The US Marshals are in plain clothing. Mr. Willis doesn't go back to lockup until the jury has left the courtroom.

The Government's questions inserting and confirming that the defendants were incarcerated was not just a single inquiry but clearly a line of questioning the Government intended for the jury to hear. The jury cannot unhear the evidence that the defendants were locked up as recently as this year and will ultimately infer they continue to be incarcerated.

b. **Whether That Force Was Mitigated by Curative Instructions**

The Court did make an effort to cure the issue by asking the government to ask a question that avoided including any mention of incarceration, but the damage had been done. The Government's Witness was already asked and answered that he has been incarcerated since his arrest in February of this year. The jury also knows that Mr. Willis was arrested in April of 2023.

The Government's Witness entered the courtroom wearing his jail clothing and accompanied by a United States Marshall. Any reasonable juror could now conclude that Mr. Willis was recently incarcerated and infer he remains incarcerated.[1]

## CONCLUSION

The Government intentionally inserted the Mr. Willis's incarceration in this matter. The probative value of their inquiry of their incarcerated witness to confirm Mr. Willis's incarceration was a grave error. The parties have taken time to prepare this case and the Court has used immense resources in this particular case for the Government to take such an action. The line of inquiry did nothing to bolster the government's case and could have been avoided. We therefore request this court declare a mistrial and set a briefing schedule to determine whether Double Jeopardy should apply considering the Government caused the defense to make this request and only the Government benefits from more time to investigate, prepare and re-try this matter.

ANDRE WILLIS
By Counsel

/s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
DC BAR NO # 1032649
DISTRICT LEGAL GROUP, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: (202)780-9144
F: (202)747-5827
a.clarke@districtlegalgroup.com
*Counsel for Andre Willis*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024 a true copy of the foregoing was served via ECF on counsel of record.

/s/ Andrew O. Clarke
Andrew O. Clarke, Esquire

---

[1] The third consideration, the weight of the admissible evidence that supports the verdict, is inapplicable because a verdict has not been reached in this case.

Page 3